IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAWAN CHILDS,

      Plaintiff,

                                        Civil Action 2:20-cv-4216
                                        Judge Edmund A. Sargus, Jr.
      v.                                Chief Magistrate Judge Elizabeth P. Deavers

THE KROGER CO.,
*et al.*,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on a motion to remand filed on August 20, 2020, by Plaintiff Tawan Childs ("Mr. Childs"), who now is proceeding *pro se*. (ECF No. 5),[1] the response (ECF No. 9) filed by Defendants The Kroger Co., Heather Gray, Patti Hutchison, and Levi VanReeth (collectively, "Defendants"), and Mr. Childs' reply memorandum (ECF No. 10). For the reasons that follow, it is **RECOMMENDED** that Mr. Childs' Motion to Remand be **GRANTED** and that this action be **REMANDED** to the Court of Common Pleas for Franklin County.

---

[1] Also pending is a "Motion for Leave to File Pro Se Motion in Contra Removal and Motion to Remand to State Court" filed by Mr. Childs on that same date. (ECF No. 4.) The Court previously granted Counsel's unopposed motion to withdraw. (ECF Nos. 6, 12.) Further, Mr. Childs' separately filed motion to remand is the subject of this Report and Recommendation. Accordingly, Plaintiff's motion for leave (ECF No. 4) is **DENIED** as moot.

**I.**

On December 20, 2019, Plaintiff Tawan Childs ("Plaintiff") filed a Complaint against Defendants in the Franklin County, Ohio Court of Common Pleas, where the case was docketed as Case No. 19CV-12-10192 and assigned to Judge O'Donnell. (ECF No. 1 at 1; ECF No. 2.) Mr. Childs asserted claims of disability and race discrimination; aiding, abetting, and inciting of discrimination; wrongful termination in violation of public policy; retaliation; and defamation, all under Ohio law. (*Id*.)

On August 6, 2020, Mr. Childs, without the assistance of his counsel,[2] submitted to Judge O'Donnell a four-page memorandum ("Memorandum") regarding issues raised by Kroger and its counsel in his then-recently held deposition. (ECF No. 1, Ex. B; ECF No. 5.) The subject line of the Memorandum reads:

> Case no. 19CV-12-10192; Improper unethical conduct, state and federal law violations at deposition hearing on July 20, 2020; Labor Relations; Property Interest in Union membership, contractual due process under state common Law, Ohio Constitution and Labor Management Reporting and Disclosure Act, Title I and La[n]drum-Griffin Congressional Intent of Due process. (*Id*.)

The body of the Memorandum further states, in relevant part:

> … During the recent Deposition in case sub judice, on 7/2/2020, Kroger Co. improperly raised a stale disclosure issue and reaffirmed their support of Heather's false and moot disclosure claim that originated when I was actually a union member with interest in the membership's benefits, rights and protections afforded those with alleged disciplinary violations. But Kroger Co. evaded union rules, illegally raised this issue 4 years later and two years after I graduated from management training (while union member during management interviews and training). This appears to violate Union democracy, collective bargaining, my property interest in Union membership and contractual due process per Union Constitution, By law of UFCW 1059 rules and LMRDA (1982) Title I, Section 101(a)(5) which states in pertinent part: (5) Safeguards Against Improper Disciplinary Act-No member of any labor organization may be fined, suspended, expelled or otherwise disciplined

---

[2]As good cause in support of the motion for leave to withdraw, Mr. Childs' counsel confirmed that he "independently filed a Memorandum to the Franklin County Court, without the knowledge of Counsel." (ECF No. 6, at ¶ 2.)

except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with specific written charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing. See, e.g. 29 U.S.C. Section 411 (a)(5) (1982)

… Your honor … my point in communication is this: I was a union member with Union rights with UFCW Local 1059 after Hire, I paid Union dues for this property right of membership and benefits; I was same union member during Interview for Management and while I was in Management Training. The issue of Disclosure is stale and Kroger waived it. It is improper and moot since they waived background check on case by case basis but also there were time frames and disciplinary rules applied to union members for violations. … Heather defamed my character by violating my rights by raising pretextual, stale and moot disclosure issue that originated when I was a union member. Kroger Co. and Heather through their attorneys continue to breach my contractual due process rights under Ohio common law and my due course rights under Ohio Constitution and LMRDA too….

In addition, it would appear that LMRDA does not pre-empt the state court and legislative regulation in the area of due process and other individual rights of union members. 29 U.S.C. Section 413 ("Nothing contained in [Title I] shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal.")

…

For these reasons, Your honor, I request consideration that you subpoena and order Kroger Co. to produce UFCW Local 1059 Rules in effect between 2014 and 2018; I request a court review of this and Discovery Conference to inquire into these ethical issues, state and federal violations even at recent Deposition Hearing on July 20, 2020 stemming from illegal and void termination. Kroger Co. violated my rights even at Deposition to raise this stale and erroneous issue of Disclosure. I also ask that you order me reinstated with additional relief because of damages and emotional distress stemming from Kroger Co. robbery and hostile environment of Harassment after robbery, racial discrimination and denial of requests of reasonable accommodations from not only plaintiff but also doctor's note and recommendation. See, e.g., Risa L. Lieberwitz, Due Process and the LMRDA: An Analysis of Democratic Rights in the Union and at the Workplace, 29 B.C.L. Rev. 21 (1987), …

Also, see, in general, Board of Regents v. Roth, 408 U.S., 532, 545 (1985); Taylor v. Favorito, 74 N.E.2d 768, 772 (Ohio App. 1947)(natural justice, right to due process independent of contracts); Falcone v. Dantinne, 420 F.2d 1157, 1165 (3d Cir. 1969)(Right to full hearing)

On August 18, 2020, Defendants, relying on this Memorandum, filed their Notice of Removal in this Court. (ECF No. 1.) Defendants contend that, in his Memorandum, Mr. Childs has alleged, for the first time, that "Defendants violated his rights under federal law, including the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401-531 ('LMRDA')." (ECF No. 9, at p.2.) Accordingly, Defendants sought removal, contending that this Court has original jurisdiction under 28 U.S.C. § 1331.

## II.

28 U.S.C. Section 1441 governs removal and provides in relevant part as follows: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has limited subject matter jurisdiction.

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). Further, the removal statute is strictly construed. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

A defendant removing an action to federal court must file a notice of removal. 28 U.S.C. § 1446(a). Generally, the defendant must file the notice of removal "within 30 days after the

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). "The 30–day period in § 1446(b)(1) starts to run only if the initial pleading contains 'solid and unambiguous information that the case is removable.'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (quoting *Holston v. Carolina Freight Carriers Corp.,* No. 90–1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) (per curiam). "If the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." *Id.* (citing 28 U.S.C. § 1446(b)(3)); *see also Walker v. Philip Morris USA, Inc.,* 443 Fed.Appx. 946, 950 (6th Cir.2011). "Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice." *Id*. (citing *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 466 (6th Cir.2002) (citation omitted) (internal quotation marks omitted) ("The intent of § 1446(b) is to make sure that a defendant has an opportunity . . . to remove upon being given notice in the course of the case that the right exists."); Charles Alan Wright et al., 14C *Federal Practice and Procedure* § 3731 (4th ed. 2009) ("The statute requires 'an amended pleading, motion, order, or other paper' to act as a trigger to commence the running of a new 30–day period once the defendant has received actual notice, through one of the documents described in Section 1446(b), that a previously unremovable case has become removable.").

### III.

Defendants, as the removing parties, bear the burden of establishing federal subject matter jurisdiction. *Nat'l Pension Corp., LLC v. Horter Inv. Mgmt., LLC,* No. 1:20-CV-0086, 2020 WL 812887, at *2 (S.D. Ohio Feb. 19, 2020), *report and recommendation adopted as*

5

*modified*, No. 1:20-CV-86, 2020 WL 1502042 (S.D. Ohio Mar. 30, 2020) (citing *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007)); *see also Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 691 (W.D. Ky. 2019) ("[r]emoving defendants bear the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence.")  In moving to remand, Mr. Childs contends that Defendants have failed to meet that burden for two reasons.  First, Mr. Childs contends that his original complaint asserted only state law claims and that his Memorandum addressed to Judge O'Donnell did not raise federal claims.  According to Mr. Childs, his Memorandum related to alleged unethical conduct at his deposition.  Further, Mr. Childs asserts that Defendants' Notice of Removal was untimely.

Defendants oppose remand contending that Mr. Childs' Memorandum constitutes an "other paper" within the contemplation of 28 U.S.C. § 1446(b)(3) and that, because it "no doubt" raises federal claims, removal was proper. (ECF No. 9, at p. 4.)  According to Defendants, courts, including the Court of Appeals for the Sixth Circuit, construe the term "other paper" liberally, finding that answers at depositions, formal or informal communications, or correspondence between counsel can fall within the definition of "other paper" sufficient to support removal.   Defendants cite specific language in Mr. Childs' Memorandum that, in their view, alleges that Kroger violated federal law, including the LMRDA, when it terminated his employment.  They also cite to the motion to withdraw filed by Mr. Childs' counsel for its acknowledgment that his Memorandum asserts "additional legal arguments."   For the following reasons, Defendants' arguments are not well-taken.

As recognized by the court in *Schmidt v. G.S. Polymers, Inc*., No. 1:19-CV-01605-DAP, 2019 WL 6883680, at *3 (N.D. Ohio Dec. 2, 2019), *report and recommendation adopted sub nom. Schmidt v. Lincoln Elec. Co.*, No. 1:19-CV-1605, 2019 WL 6877712 (N.D. Ohio Dec. 17,

6

2019), there is little Sixth Circuit case law on the definition of "other paper" under § 1446(b)(3). *See also Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 365 (6th Cir. 2015) ("We have yet to fully expound the meaning of 'other paper' under § 1446(b)(3)."). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Id*. (quoting *Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433, at *2 (W.D. Ky. Dec. 5, 2014)); *see also Berera*, 779 F.3d at 365 ("Thus, as a general matter, 'documents such as deposition transcripts, answers to interrogatories and requests for admissions, . . . amendments to ad damnum clauses of complaints, and correspondence between the parties and their attorneys or between the attorneys' may constitute 'other papers' under § 1446(b)(3).") (citation omitted). "Virtually every court that has considered the issue has held that settlement demand letters and other correspondence between parties may constitute 'other paper.'" *Id*. (quoting *Mathes v. Waller*, No. 3:19-cv-00751, 2019 WL 5394310, at *5 (M.D. Tenn. Oct. 22, 2019)). For purposes of the current motion, the Court will assume, without deciding, that Mr. Childs' Memorandum constitutes an "other paper" under § 1446(b)(3).

Defendants' argument that this Court has federal-question jurisdiction because Mr. Childs mentioned federal law and specifically cited the LMRDA in his Memorandum is not persuasive. The Court's jurisdictional inquiry is normally limited to the well-pleaded complaint.[3] *See Lee v. Kirkpatrick*, No. 1:16-CV-00123-GNS, 2016 WL 7197478, at *3 (W.D. Ky. Dec. 9, 2016)

---

[3] "Within the confines of the well-pleaded complaint rule, there are two paths to federal court under Section 1331: (1) federal claims, i.e., cases where federal law creates the cause of action; and (2) state causes of action that implicate "significant federal issues." *Eastman*, 438 F.3d at 550; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983). *Lee,* 2016 WL 7197478, at *2." Here, Defendants rely on the first path by asserting that Mr. Childs has asserted a federal claim in his Memorandum.

(citing *Breiding v. Wilson Appraisal Servs., Inc.*, No. 5:14CV124, 2016 U.S. Dist. LEXIS 37422, at *12 (N.D. W. Va. Mar. 23, 2015) ("[E]xtrinsic documents will rarely, if ever affect a federal court's subject matter jurisdiction in federal question cases because the jurisdictional inquiry is normally limited to the plaintiffs well-pleaded complaint." (internal quotation marks omitted) (quoting *Dougherty v. Cerra*, 987 F. Supp. 2d 721, 729 (S.D. W. Va. 2013)).

Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Ommert v. Hanover Twp. Trustees of Butler Cty., Ohio*, No. 1:19-CV-435, 2019 WL 6117477, at *3 (S.D. Ohio Nov. 18, 2019), *report and recommendation adopted*, No. 1:19CV435, 2020 WL 33135 (S.D. Ohio Jan. 2, 2020) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *Id.* (citing *Caterpillar*, 482 U.S. at 392).

Accordingly, "in most cases, when courts look to [an] 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007) (unpublished).  For example, when a plaintiff has brought a state law claim against a diverse party but has not alleged the amount in controversy in the complaint, a later document may establish the amount in controversy.  *See, e.g, Addo v. GlobeLife & Accident Ins. Co*., 230 F.3d 759, 761-62 (5th Cir. 2000).

8

However, in certain limited circumstances, courts have looked to an "other paper" to clarify that federal question jurisdiction has been established. *Eggert*, 223 F. App'x at 397. The Sixth Circuit Court of Appeals has specifically done so in particular circumstances. For example, in *Peters v. Lincoln Elec. Co.,* 285 F.3d 456 (6th Cir. 2002), it looked to a plaintiff's deposition testimony in upholding the district court's conclusion that the plaintiff's state law claim was related to his retirement plan and, therefore, was preempted by ERISA. Because complete preemption is an exception to the well-pleaded complaint rule, the Sixth Circuit concluded that federal question jurisdiction was proper. In reaching this conclusion, the Court explained that, in his complaint, the plaintiff had alleged the defendant's breach of certain unspecified promises and representations. *Id*. at 465. At his deposition, the plaintiff responded to a series of questions directed to the "precise nature of the unspecified 'broken promises' by testifying "that he was suing, in part, because the company had breached a promise to continue his participation ins its Supplemental Executive Retirement Plan ('SERP')." *Id*. at 466. The Sixth Circuit noted that this statement at the deposition was not itself a "civil action" but agreed with the district court that the statement clarified the complaint's allegations of unspecified "broken promises." *Id*. at 467.

More recently, in *Berera*, 779 F.3d 352, the Sixth Circuit, in finding a notice of removal timely, looked to both the Complaint's "artful allegations" and counsel's "clarifying concession at a formal hearing" to conclude that the plaintiff was asserting a FICA refund claim establishing federal question jurisdiction. *Id.* at 358, 365. The Sixth Circuit characterized the plaintiff's initial complaint as "sparse and vague … assert[ing] purported state law claims." *Id.* at 364. The Sixth Circuit specifically noted that it read the plaintiff's reference in the complaint to "payroll taxes" as an artful reference to FICA taxes. *Id.* at 358.

The above cases are distinguishable from the situation here. In this case, the parties agree that Childs' original complaint alleged no claims under federal law. (*See* ECF No. 9, at p. 5 "In their Notice of Removal, Defendants concede that Plaintiff's action was not removable based on Plaintiff's initial state court Complaint because it asserted only claims under Ohio law, and no other basis for federal jurisdiction existed (as Kroger and other defendants reside in Ohio where the action was brought and where Plaintiff resides, undermining diversity jurisdiction. (Doc. #1, at ¶ 4).)

Further, Plaintiff's 21-page Complaint asserting claims of disability and race discrimination; aiding, abetting, and inciting of discrimination; wrongful termination in violation of public policy; retaliation; and defamation is neither sparse nor vague, does not set forth unspecified claims, and does not appear to be artfully pleading a claim arising from a violation of Mr. Childs' rights as a union member. Defendants do not argue otherwise. In fact, Defendants acknowledge that, based on the allegations of the Complaint, they could not "have reasonably predicted that Plaintiff would allege that Kroger somehow violated Plaintiff's rights as a union member under the LMRDA. In fact, at the time of his termination from Kroger, Plaintiff was a management employee and no longer a member of the union." (ECF No. 9, at p. 6 n.1.)

In short, nothing in Mr. Childs' Complaint suggests a need to look to an "other paper" for clarification to ascertain "that the case is or has become removable." *See Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999) (where allegations asserted to form the basis of a federal claim do not appear in the pleadings but have been injected into the case through deposition testimony, putative federal claim does not exist as a cognizable claim.) This circumstance, standing alone, is sufficient to support an order of remand on the basis of the well-pleaded complaint rule.

Moreover, even if clarification were necessary here, 28 U.S.C. § 1446(b)(3) requires that an "other paper" contain "solid and ambiguous information" that the case is removable. In evaluating the propriety of removal, courts look at "the four corners of the 'other paper.'" *Schmidt,* 2019 WL 6883680, at *4. In his Memorandum, Mr. Childs does not affirmatively state an intention to amend his Complaint to set forth a federal claim. Consequently, the Court is left to consider whether his Memorandum otherwise solidly and unambiguously indicates his intention to assert such a claim. A fair reading of Mr. Childs' Memorandum reveals much ambiguity on this issue.

Certainly, as Defendants note, Mr. Childs refers more than once in his Memorandum to the LMRDA and federal law. Further, Mr. Childs does broadly refer to due process or property rights and to federal violations at his deposition. At the same time, however, Mr. Childs uses language in the Memorandum to reasonably suggest that he made these references for purposes of objecting to defense counsel's line of questioning at his deposition regarding his alleged failure to disclose his criminal record. While not entirely clear, the Memorandum's language also reflects that, to the extent Kroger could have pursued such an issue against him, Mr. Childs is contending that it should have done so when he was a union member subject to union due process protections. Mr. Childs asserts that Kroger's failure to do so resulted in a "waiver," making the issue "stale," "improper and moot" and, by extension, an inappropriate defense against him in this case. (*See generally* ECF No. 1, Ex. B, at p. 1.)

Further, Mr. Childs only recites the language of Title I, § 101(a)(5) of the LMRDA, 29 U.S.C. § 411 (a)(5). Aside from referring to due process generally, he does not more specifically set forth the elements of a claim under the LMRDA. Further, Mr. Childs does not express an intention to set forth a claim against his union. Because the LMRDA "only regulates

11

the relationship between the union and its members," Mr. Childs' failure to do so further adds to the ambiguity of his Memorandum. *Wiggins v. United Food & Commercial Workers Union, Local No. 56*, 420 F. Supp. 2d 357, 365 (D.N.J. 2006), *aff'd sub nom. Wiggins v. United Food & Commercial Workers Union, Local #56*, 303 F. App'x 131 (3d Cir. 2008) (citing *Hatchigian v. Interface Electric, Inc.,* 1993 WL 4138, at *16, 1993 U.S. Dist. LEXIS 140, at *48 (E.D. Pa. Jan. 26, 1993) ("[T]he LMRDA does not provide a civil remedy for the vindication of LMRDA rights against one who, in allegedly violating such rights, is not acting in the capacity of an official, member or agent of a labor union."); *see also Taschner v. Hill,* 589 F.Supp. 127, 131 (E.D.Pa.1984) ("It is evident that section 101(a) does not support an action against the aggrieved party's employer.")

Additionally, some of Mr. Childs' references to the LMRDA in the Memorandum relate to the issue of pre-emption and reasonably could be construed as Mr. Childs' attempt to reinforce the state law nature of his claims.  (*See, e.g.,* ECF No. 1, Ex. B, at p. 2 "In addition, it would appear that the LMRDA does not pre-empt the state court and legislative regulation in the area of due process and other individual rights of union members.  29 U.S.C. Section 413 ('Nothing contained in [Title I] shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal.'))

In short, Mr. Childs' Memorandum does not expressly articulate a federal claim and much of its discussion is open to interpretation as evidenced by the parties' briefing.  For these reasons, the Court does not find that Mr. Childs' Memorandum presents "solid and unambiguous" information that this case had become removable.  At most, the Memorandum put Defendants "'on inquiry notice that removal *might* be appropriate.'" *Schmidt*, 2019 WL

6883680, at *7 (quoting *Mathes v. Burns*, No. 3:19-CV-00751, 2019 WL 5394310, at *7 (M.D. Tenn. Oct. 22, 2019)) (emphasis in original).

As noted above, strict standards govern removal and the Court is required to resolve all doubts as to the propriety of removal in favor of remand.  Accordingly, it is **RECOMMENDED** that the Court **GRANT** Mr. Childs' motion to remand.

Finally, Mr. Childs seeks an award of sanctions in the amount of $6,500.00 for what he characterizes as a waste of both his time and the Court's as a result of Defendants' "improvidently filed and frivolous" Notice of Removal.  (ECF No. 10, at p. 9.)  Absent unusual circumstances, courts may award sanctions, including attorney's fees, under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Fed. Nat'l Mortg. Ass'n v. Lofton,* No. 13-12519, 2013 WL 12182679, at *2 (E.D. Mich. Oct. 31, 2013) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  For the reasons discussed above, exercising its discretion, the Court declines to award sanctions in Mr. Childs' favor. Accordingly, it is **RECOMMENDED** that the Court **DENY** Mr. Childs' request for sanctions.

## IV.

For the reasons set forth above, Plaintiff's "Motion for Leave to File Pro Se Motion in Contra to Removal and Motion to Remand to State Court" (ECF No. 4) is **DENIED** as moot. Further, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion to Remand (ECF No. 5).  Finally, it is **RECOMMENDED** that the Court **DENY** Plaintiff's request for sanctions.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

13

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


**Date: October 15, 2020**               */s/ Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **CHIEF UNITED STATES MAGISTRATE JUDGE**