UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAWAN CHILDS,
        Plaintiff,

v.

THE KROGER CO., *et al.*,

        Defendants.

Case No. 2:20-cv-4216
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Chief Magistrate Judge's October 15, 2020, Report and Recommendation, (ECF No. 15), addressing the Objections to the Report and Recommendation filed by Defendants The Kroger Co. ("Kroger"), Heather Gray, Patti Hutchison, and Levi VanReeth (collectively "Defendants") (ECF No. 16). For the reasons stated below, the Court **OVERRULES** Defendants' Objections to the Report and Recommendation (ECF No. 16) and **ADOPTS** the October 15, 2020, Report and Recommendation. (ECF No. 15). The above-captioned case is **REMANDED** to the Court of Common Pleas for Franklin County.

**I.**

On December 20, 2019, Plaintiff Tawan Childs ("Plaintiff") filed a Complaint against Defendants in the Franklin County, Ohio Court of Common Pleas. (ECF No. 2). The case was docketed as Case No. 19CV-12-10192 and assigned to Judge O'Donnell. (ECF No. 1 at 1–2). Plaintiff asserted numerous claims, all under Ohio law, including disability and race discrimination; retaliatory discrimination; wrongful termination in violation of public policy; aiding, abetting, and inciting of discrimination; and defamation. (ECF No. 2 at 15–19).

On August 6, 2020, without the knowledge or assistance of his counsel, (Mot. to Withdraw at ¶ 2, ECF No. 6), Plaintiff submitted a four-page memorandum ("Memorandum") to the state

1

court. (ECF No.1-2). Twelve days later, on August 18, Defendants filed their Notice of Removal in this Court based on that Memorandum. (ECF No. 1). Defendants contend that through the Memorandum Plaintiff alleged, for the first time, violations of federal law. (Def. Resp. in Opp. at 2, ECF No. 9). As such, Defendants sought removal, contending that this Court has original jurisdiction under 28 U.S.C. § 1331.

The Memorandum Plaintiff submitted to the state court concerned his grievance over issues raised by Kroger and its counsel in his then-recent deposition. (ECF No. 1-2; ECF No. 5 at 2). The subject line of the Memorandum reads:

> Case no. 19CV-12-10192; Improper unethical conduct, state and federal law violations at deposition hearing on July 20, 2020; Labor Relations; Property Interest in Union membership, contractual due process under state common Law, Ohio Constitution and Labor Management Reporting and Disclosure Act, Title I and La[n]drum-Griffin Congressional Intent of Due process.

(ECF No. 1-2).

The body of the Memorandum further states, in relevant part:

> . . . During the recent Deposition in case sub judice, on 7/2/2020, Kroger Co. improperly raised a stale disclosure issue and reaffirmed their support of Heather's false and moot disclosure claim that originated when I was actually a union member with interest in the membership's benefits, rights and protections afforded those with alleged disciplinary violations. But Kroger Co. evaded union rules, illegally raised this issue 4 years later and two years after I graduated from management training (while union member during management interviews and training). This appears to violate Union democracy, collective bargaining, my property interest in Union membership and contractual due process per Union Constitution, By law of UFCW 1059 rules and LMRDA (1982) Title I, Section 101(a)(5) which states in pertinent part: (5) Safeguards Against Improper Disciplinary Act-No member of any labor organization may be fined, suspended, expelled or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with specific written charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing. See, e.g. 29 U.S.C. Section 411 (a)(5) (1982)
>
> **. . . .** Your honor . . . my point in communication is this: I was a union member with Union rights with UFCW Local 1059 after Hire, I paid Union dues for this property right of membership and benefits; I was same union member during Interview for

2

> Management and while I was in Management Training. The issue of Disclosure is stale and Kroger waived it. It is improper and moot since they waived background check on case by case basis but also there were time frames and disciplinary rules applied to union members for violations. . . . Heather defamed my character by violating my rights by raising pretextual, stale and moot disclosure issue that originated when I was a union member. Kroger Co. and Heather through their attorneys continue to breach my contractual due process rights under Ohio common law and my due course rights under Ohio Constitution and LMRDA too . . . .
>
> In addition, it would appear that LMRDA does not pre-empt the state court and legislative regulation in the area of due process and other individual rights of union members. 29 U.S.C. Section 413 ("Nothing contained in [Title I] shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal.")
>
> . . .
>
> For these reasons, Your honor, I request consideration that you subpoena and order Kroger Co. to produce UFCW Local 1059 Rules in effect between 2014 and 2018; I request a court review of this and Discovery Conference to inquire into these ethical issues, state and federal violations even at recent Deposition Hearing on July 20, 2020 stemming from illegal and void termination. Kroger Co. violated my rights even at Deposition to raise this stale and erroneous issue of Disclosure. I also ask that you order me reinstated with additional relief because of damages and emotional distress stemming from Kroger Co. robbery and hostile environment of Harassment after robbery, racial discrimination and denial of requests of reasonable accommodations from not only plaintiff but also doctor's note and recommendation. See, e.g., Risa L. Lieberwitz, Due Process and the LMRDA: An Analysis of Democratic Rights in the Union and at the Workplace, 29 B.C.L. Rev. 21 (1987), . . .
>
> Also, see, in general, Board of Regents v. Roth, 408 U.S., 532, 545 (1985); Taylor v. Favorito, 74 N.E.2d 768, 772 (Ohio App. 1947)(natural justice, right to due process independent of contracts); Falcone v. Dantinne, 420 F.2d 1157, 1165 (3d Cir. 1969) (Right to full hearing)

(*Id.*).

On August 20, 2020, two days after the case was removed to this Court, Plaintiff filed a *pro se* Motion to Remand.[1] (ECF No. 5). Defendants filed a Response in Opposition, (ECF No. 9), to which Plaintiff replied. (ECF No. 11). The Chief Magistrate Judge reviewed the Plaintiff's

---

[1] Simultaneously Plaintiff's counsel moved to withdraw, (ECF No. 6), which this Court granted for good cause show. (ECF No. 12).

3

motion and on October 15, 2020, recommended that this Court grant the motion but deny Plaintiff's request for sanctions. (ECF No. 15 at 13). The Chief Magistrate Judge reported that the removing party did not meet the requirements for removal because contrary to the removing party's assertion, the Court does not have federal-question jurisdiction. (ECF No. 15 at 7, 12–13). On October 28, 2020, Defendants timely submitted their objections. (ECF No. 16). Shortly thereafter Plaintiff responded, (ECF No. 17), to which Defendants replied. (ECF No. 20).

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

## III.

### A. The Well-Pleaded Complaint Rule

The Chief Magistrate Judge applied the well-pleaded complaint rule to scrutinize the Plaintiff's complaint for a federal claim that would give rise to federal-question subject matter jurisdiction. (ECF No. 15 at 7–10). Defendants object that the Report and Recommendation should have examined the Memorandum rather than the Complaint when determining whether federal question jurisdiction exists. (ECF No. 16 at 1).

Under 28 U.S.C. § 1441, a defendant may remove an action from state to federal court when the federal district court has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). Where, as here, the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion,

4

order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendants assert that this Court has federal question removal jurisdiction over this case because the Memorandum is an "other paper" that raised a federal claim and made the case removable under 28 U.S.C. § 1446(b)(3). The Court notes that "in most cases, when courts look to [an] 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established." *Eggert v. Britton*, 223 D. App'x 394, 397 (5th Cir. 2007) (unpublished). Even so, in limited circumstances courts have looked to an "other paper" to clarify that federal question jurisdiction has been established. *Id.* at 397.

Generally, though, Courts apply the well-pleaded complaint rule when determining whether federal question jurisdiction exists. *Mikulski v. Centerior Energy Corp.*, 501 F. 3d 555, 560 (6th Cir. 2007). This is because the plaintiff is the master of the claim and may typically avoid removal to federal court by exclusively relying on state-law claims. *E.g.*, *Loftis v. United Parcel Serv., Inc.*, 342 F. 3d 509, 515 (6th Cir. 2003).

When courts in this circuit have looked to other papers as the basis for federal question jurisdiction, they have been applying the artful-pleading doctrine or the complete-preemption doctrine, which are exceptions to the well-pleaded complaint rule. *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358, 365 (6th Cir. 2015) (deeming the hearing transcript an "other paper" and applying the artful-pleading doctrine); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466, 467–68 (6th Cir. 2002) (deeming plaintiff's response to deposition questions an "other paper" and applying the complete-preemption doctrine). The artful-pleading doctrine is used when plaintiffs attempt to avoid removal jurisdiction by "artfully casting their essential federal law claims as state-law claims." *Mikulski*, 501 F. 3d at 560 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394,

5

397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). The complete-preemption doctrine is used "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

The Report and Recommendation observes that when courts have applied these exceptions and looked to an "other paper" they have done so to clarify vague claims, but here the complaint is neither sparse nor vague. The Chief Magistrate Judge reports that in the absence of a need for clarification, there is no reason to depart from the well-pleaded complaint rule in this case. (ECF No. 15 at 10) (citing *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999).

Defendants object that absent a need for clarification courts can still depart from the well-pleaded complaint rule and examine an "other paper" in cases where that paper belatedly attempts to amend an original complaint to add new claims. (ECF No. 16 at 4–5). However, as will be addressed in more detail below, it is not at all clear that Plaintiff was making a belated attempt to amend his original complaint. As the Court cannot conclude that Plaintiff was attempting to amend his original complaint, the Court need not decide whether a belated amended complaint can create an exception to the well-pleaded complaint rule. In this case, furthermore, the Court sees no basis for departure from the well-pleaded complaint rule.

The Court has reviewed the Report and Recommendation and concludes that the Chief Magistrate Judge correctly applied the well-pleaded complaint rule in this case. As such, Defendants' first objection is overruled.

### B. The Memorandum

After applying the well-pleaded complaint rule to conclude the Complaint did not raise any federal claims, the Report and Recommendation nonetheless addressed whether the Memorandum raised any federal claims. In concluding that it did not, the Chief Magistrate Judge explained that

there was much ambiguity to the Memorandum. Defendants object to this conclusion. They believe that the Memorandum clearly raised a federal claim, based on the plain language of the Memorandum as well as its intent. The Court disagrees.

In cases where the clarification of a pleading is necessary, 28 U.S.C. § 1446(b)(3) requires the "other paper" to contain "solid and unambiguous information" that the case is removable. *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). The Defendants explain at length how the language of the Memorandum can be interpreted to raise a federal claim, but they do not explain why that can be the only reasonable interpretation of the Memorandum.

The Chief Magistrate Judge recognized Defendants' interpretation of the Memorandum, but also recognized among other things that:

> At the same time . . . Mr. Childs uses language in the Memorandum to reasonably suggest that he made these references [to federal law] for purposes of objecting to defense counsel's line of questioning at his deposition regarding his alleged failure to disclose his criminal record. While not entirely clear, the Memorandum's language also reflects that, to the extent Kroger could have pursued such an issue against him, Mr. Childs is contending that it should have done so when he was a union member subject to union due process protections. Mr. Childs asserts that Kroger's failure to do so resulted in a "waiver," making the issue "stale," "improper and moot" and, by extension, an inappropriate defense against his case. (*See generally* ECF No. 1, Ex. B at p. 1.)

(ECF No. 15 at 11). Having reviewed the Memorandum, the Court agrees with the Chief Magistrate Judge. The Court concludes that the pro se Memorandum is not "solid and unambiguous[.]" *Berera*, 779 F.3d at 364.

The Chief Magistrate Judge also observed that the Memorandum does not set forth the elements of a claim under the Labor Management Reporting and Disclosure Act ("LMRDA"), and that an LMRDA claim can only be raised by a union member against his union. (ECF No. 15 at 11–12) (citing *Wiggins v. United Food and Commercial Workers Union, Local No. 56*, 420 F. Supp. 2d 357, 365 (D.N.J. 2006), *aff'd sub nom. Wiggins v. United Food & Commercial Workers*

7

*Union, Local #56*, 303 F. App'x 131 (3d Cir. 2008)). Defendants object that this should not have been considered because whether the Memorandum states a claim upon which relief can be granted "is not dispositive" to jurisdictional questions. (ECF No. 16 at 3).

Defendants misconstrue the Chief Magistrate Judge's purpose in making these observations. The Report and Recommendation does not characterize these observations as "dispositive," (Def. Obj. at 3, ECF No. 16), nor does it rely on them primarily. Rather, it considers these observations relevant to the analysis, and applies them as a buttress to its conclusion that the Memorandum is ambiguous. The Court finds no error in the inclusion of these observations. Accordingly, the Defendants' final objection is also overruled.

## IV.

For the reasons stated above, the Court **OVERRULES** Defendants' Objections (ECF No. 16) and **ADOPTS** the October 15, 2020 Report and Recommendation. (ECF No. 15). The above-captioned case is **REMANDED** to the Court of Common Pleas for Franklin County. The clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**11/30/2020**  **s/Edmund A. Sargus, Jr.**
**DATE**    **EDMUND A. SARGUS, JR.**
      **UNITED STATES DISTRICT JUDGE**